IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| CYRUS II PARTNERSHIP, *et al* § | | CASE NO: 05-39857 |
| Debtor(s) § | | |
| § | | CHAPTER 7 |
| § | | |
| ORIX CAPITAL MARKETS, L.L.C § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | | ADVERSARY NO. 05-3715 |
| § | | |
| MONDONA RAFIZADEH § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

This Court must determine whether this adversary proceeding should be dismissed based on an absence of standing by the plaintiff. For the reasons set forth below, the Court finds that Mondona Rafizadeh has no standing to pursue further relief in this adversary proceeding.

### Background of Adversary Proceeding

This adversary proceeding was filed by Orix Capital Markets, L.L.C. on October 4, 2005. In the complaint, Orix sought a declaration that Mondona Rafizadeh's debt to Orix was excepted from discharge in Ms. Rafizadeh's chapter 7 bankruptcy case[1]. On November 3, 2005, Ms. Rafizadeh filed her answer and counterclaim. The counterclaim sought two things:

- A declaration that the debt to Orix "has been paid and the debt discharged."
- Damages for conversion of Ms. Rafizadeh's wedding ring.

On November 15, 2006, the Court issued an "Agreed Order of Dismissal" with respect to Orix's claim that its debt should be excepted from discharge. Among other things, the Agreed

---

[1] On March 23, 2006, Orix filed adversary proceeding 06-3288 in which it objected to Ms. Rafizadeh's general bankruptcy discharge. However, that adversary proceeding was voluntarily dismissed by Orix on May 18, 2006.

1

Order includes a stipulation by Orix that Ms. Rafizadeh's debts to Orix have been discharged and that Orix is subject to the discharge injunction provided by § 524.

### Settlement with Orix in Main Bankruptcy Case

On March 29, 2006, this Court approved the Third Amended Settlement Agreement in Ms. Rafizadeh's bankruptcy case. The Third Amended Settlement Agreement provided, among other things, that (i) Orix was allowed a secured claim in the amount of $6,932,150.78; (ii) not less than $5,873,805.54 was to be paid to Orix on its secured claim following entry of the order approving the settlement; (iii) the allowance or disallowance of Orix's unsecured claim was not determined; (iv) any party in interest reserved the right to object to Orix's claim based on payments that "Orix actually receives from Love Funding;" and (v) any creditor or party in interest may assert that Love Funding is solidarily liable with the "Debtors" on the Orix obligation.

### Discharge

By order issued on October 31, 2005, Ms. Rafizadeh was granted a discharge under § 727 of the Bankruptcy Code. See docket entry 26 in case 05-39859.

### Standing

In February 16, 2006, at docket no. 284 in case 05-39857, the Court ordered that Ms. Rafizadeh's ring be turned over to the chapter 7 trustee. When Orix dismissed its dischargeability complaint against Ms. Rafizadeh, it appeared that all issues in the adversary proceeding might have been resolved.

Accordingly, on November 28, 2006, this Court issued an order requiring the parties to set forth the remaining issues in this case and whether Ms. Rafizadeh had standing to assert any remaining issues.

In her response to the Court's November 28, 2006 order, Ms. Rafizadeh withdraws her complaint about the wedding ring and acknowledges that the complaint for a declaration that the debt has been discharged is now moot. However, Ms. Rafizadeh attempts to argue that the language in the counterclaim (i.e., a declaration that "Orix has been paid and the debt discharged.") is sufficient to allow the counterclaim to be interpreted to mean that the Orix debt has been satisfied because the funds received by it have not properly been applied, because it is engaging in double collection, that the legal fees charged are excessive, that defenses available to Love Funding should be assertable by Ms. Rafizadeh, that Orix has engaged in inequitable conduct, and that the objection to Orix's claim filed in case 05-39857 should be incorporated by reference.

The Fifth Circuit examines five considerations in determining whether to grant a party leave to amend a complaint. *Rosenweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). These considerations include (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (5) futility of the amendment. *Id* (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962). "Absent such factors, 'the leave sought should, as the rules require, be freely given.'" *Id.*

This adversary proceeding is set for trial on January 25, 2007. On December 13, 2006, Ms. Rafizadeh filed a motion for leave to amend her counterclaim. The proposed amended counterclaim sets forth dramatically different issues than those set forth in the original counterclaim.

When an amendment alleges additional facts creating a new cause of action, the amendment may be found to cause undue prejudice. *See Ashe v. Corley*, 922 F.2d 540, 543 (5th

3

Cir. 1993) (finding district court did not abuse its discretion in determining plaintiffs' amendment would be unfairly prejudicial and denying plaintiffs' leave to amend where amendment would add a new cause of action one week before trial); *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382, 392 (5th Cir 1985) (finding undue prejudice and denying submission of a post trial motion which included a proposed amendment raising a new cause of action). *Cf Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391-92 (5th Cir. 1985) (the fact that the movant "did not seek to allege new causes of action... cuts in favor of holding that justice requires allowing the amendment.").

The issues are not fairly encompassed in the original counterclaim, discovery is terminated in this case, and trial is only three weeks from the date of this order. If the amendment were allowed, it would be unfairly prejudicial to Orix. The Court recognizes that leave to amend should be freely granted, but it should not be granted blindly. Even if this Court were to find that Ms. Rafizadeh had standing, the Court would deny the motion for leave to amend.

Moreover, it appears that Ms. Rafizadeh lacks standing to bring the lawsuit against Orix. The Court recognizes that a number of Rafizadeh affiliates are involved in complex litigation in Louisiana with Orix and the trustee. If Ms. Rafizadeh prevails in this lawsuit, it will be of great benefit to her husband and to entities that are owned by parties related to Ms. Rafizadeh. However, the outcome of this lawsuit will have no demonstrable effect on this estate or on Ms. Rafizadeh.

The standing doctrine defines and limits the role of the judiciary and is a threshold inquiry to adjudication. *Warth v. Seldin*, 422 U.S. 490, 517-18 (1975). The inquiry has two components: constitutional limits, based on the case-and-controversy clause in Article III of the

Constitution; and prudential limits, crafted by the courts. *Raines v. Byrd*, 521 U.S. 811, 820 (1997). "In both dimensions it is founded on concern about the proper—and properly limited—role of the courts in a democratic society." *Warth*, 422 U.S. at 498.

To satisfy Article III's standing requirements, a plaintiff must show (i) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (ii) the injury is fairly traceable to the challenged action of the defendant; and (iii) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In bankruptcy proceedings, standing is limited to "parties in interest." *See e.g. Magnolia Venture Capital Corp. v. Prudential Securities, Inc.*, 151 F.3d 439, 445 n.9 (5th Cir. 1998). A party in interest is a person "whose pecuniary interests are directly affected by the bankruptcy proceedings." *In re Hutchinson*, 5 F.3d 750, 756 (4th Cir. 1993). Generally, chapter 7 debtors are not considered persons with a pecuniary interest in the estate. *See. e.g. In re Watson*, 2004 WL 3244420 (Bankr. M.D. La. 2004) (citing *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992)); *Gregg Grain Co. v. Walker Grain Co.*, 285 F. 156 (5th Cir. 1922) ("The bankrupt, being insolvent, has no interest in manner of distribution of assets of estate among his creditors.").

There are, however, several exceptions where a debtor may object to claims against the estate. These exceptions include: "(1) the debtor ha[s] a pecuniary interest in the result by way of a demonstrable surplus; (2) the trustee failed or refused to object to the claim or claims in question; and/or (3) the debtor's objection would not undermine the efficient administration of the estate." *In re Watson*, 2004 WL 3244420 at *1 (citing *In re Choquette*, 290 B.R. 183, 187 (Bankr. D. Mass. 2003)); *See also In re Coleman*, 131 B.R. 59, 60-61 (Bankr. N.D. Tex. 1991)

(citing *In re Silverman*, 37 B.R. 200, 201 (Bankr. S.D.N.Y. 1982) (exceptions include: "(i) where there is not a trustee; and (ii) where there will be a surplus after distribution providing the debtor with a pecuniary interest in the estate.")).

As set forth in paragraph 15 of Orix's response (docket #91), there will be no estate surplus even if Orix's claim is disallowed in full. All of the estate's assets will pay either administrative claims or will pay unsecured claims against the estate. The only way in which Ms. Rafizadeh could possibly benefit from this lawsuit is if (i) there is an affirmative recovery by the estate against Orix; or (ii) Orix's allowed secured claim is reduced. No affirmative recovery is sought against Orix. The Third Amended Settlement Agreement allows Orix's secured claim in the amount of $6,932,150.78.

Ms. Rafizadeh argues that—although the compromise allows the claim in the amount of $6,932,150.78—the order is subject to continuous review pursuant to Fed. R. Bankr. P. 3008. See ¶ 6 of response at docket no. 92. She also argues that her standing exists because of the possibility of disgorgement by Orix. See ¶ 12 of her response at docket no. 88.

Unless the amount of the claim is subject to review, the disgorgement will not happen. The Third Amended Settlement Agreement explicitly provides for the payment of not less than $5,873,805.54 in satisfaction of the Allowed Secured Orix Claim. Rule 3008 does not allow a new adversary proceeding to be filed that attempts to upset a final order issued in the bankruptcy case. On the contrary, Rule 3008 allows for a party to move for reconsideration of the allowance or disallowance of a claim.

Ms. Rafizadeh has not filed a motion to reconsider the Court's 9019 order. If such a motion is filed, the Court will consider the motion. However, the Court's consideration will not ignore the fact that there has been substantial reliance placed on the order approving the Third

Amended Settlement Agreement and that Rule 3008 does not require the Court to ignore the principle of finality. Indeed, the Fifth Circuit has given careful instructions on this issue:

> The bankruptcy court has power to reconsider the allowance or disallowance of proofs of claim "for cause". 11 U.S.C. § 502(j); Bankruptcy Rule 3008. As the Advisory Committee Note to Bankruptcy Rule 3008 evidences, the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved. If reconsideration is granted, the court may readjust the claim in any fashion "according to the equities of the case." 11 U.S.C. § 502(j).
>
> The court's broad discretion should not, however, encourage parties to avoid the usual rules for finality of contested matters. Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60 into all matters governed by the Bankruptcy Rules except, inter alia, "the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b)···." We interpret Rule 9024 to provide that, when a proof of claim has in fact been litigated between parties to a bankruptcy proceeding, the litigants must seek reconsideration of the bankruptcy court's determination pursuant to the usual Rule 60 standards if they elect not to pursue a timely appeal of the original order allowing or disallowing the claim. The elaboration of Section 502(j)'s requirement of "cause" for reconsideration by the Rule 60 criteria substantially eliminates the "tension with the right of an appeal from an erroneous final order." 3 Collier on Bankruptcy (15th ed.) ¶ 502.10 at 502-107.

*In re Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987).

The approval of the compromise embodied in the Third Amended Settlement Agreement was hotly contested. Various Rafizadeh entities filed lengthy objections to the proposed compromise. Nevertheless, after substantial negotiations, the various Rafizadeh entities withdrew their objection and the Court approved the compromise. Accordingly, the Court will require a substantial showing—in compliance with Fed. R. Bankr. P. 9024—before that order is vacated.

As of this date, no motion to reconsider under Rule 9024 is pending. Under the terms of the Third Amended Settlement Agreement, Orix's claim is allowed and it has been paid. Unless

the prior order of the court is vacated, the present litigation can produce no benefit to Ms. Rafizadeh. She has no standing.

This adversary proceeding must be dismissed.

January 5, 2007.

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE