IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CYRUS II PARTNERSHIP, *et al* | § | CASE NO: 05-39857 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| ORIX CAPITAL MARKETS, L.L.C | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-3715 |
| | § | |
| MONDONA RAFIZADEH | § | |
| Defendant(s) | § | |

### **ORDER AMENDING THE COURT'S MEMORANDUM OPINION (DOCKET NO. 95)**

Mondona Rafizadeh ("Rafizadeh") has filed a motion to alter or amend this Court's Memorandum Opinion (docket no. 94) and Order (docket no. 95) dismissing adversary proceeding 05-3715. Rafizadeh asserts that the Memorandum Opinion contains statements which fail to reflect the Court's intent.

The Court will amend its Memorandum Opinion as to the filing by ORIX of a complaint to bar discharge under § 727 of the Bankruptcy Code. ORIX did not file such a claim. The misstatement was due to a docketing error at the time the adversary proceeding was electronically filed. To correct the error, the Court deletes footnote one of the Memorandum Opinion.

As set forth in detail below, Rafizadeh has also asserted that the Court made imprecise or unclear statements regarding the Third Amended Settlement Agreement and the Court's ruling on Rafizadeh's motion for leave to amend. The Court finds the requested relief as to these issues unnecessary and unwarranted.

Rafizadeh first asserts the Court did not clarify its intent to preserve Rafizadeh's right to object to the unsecured portion of Orix's claim. Rafizadeh's contention ignores the Court's restatement of and continuous referral to the Third Amended Settlement Agreement with Orix in Rafizadeh's main bankruptcy case. The Settlement has been approved by court order. The Court's reference to the Settlement clearly reflects the Court's intention as to the unsecured portion of Orix's claim.

Rafizadeh's second assertion requests that the Court clarify that in denying Rafizadeh's motion for leave to amend, the Court was not ruling on the merits included within the amended motion. The Court denied Rafizadeh's motion for leave to amend on the basis that it caused undue prejudice in raising additional facts and creating a new cause of action. It is unnecessary

for the Court to supply the requested clarification.  A denial of leave to amend is not equivalent to a judgment on the merits.  *See In re W.R. Grace & Co.-Conn.*, 923 F.2d 42, 45 (5th Cir. 1991); *Ross v. Houston Indep. Sch. Dist.*, 699 F.2d 218, 230 (5th Cir. 1983).

Rafizadeh's fourth assertion is that the Court blurred the distinction between whether a claim is allowed and whether it is paid by making the following statement: "unless the allowance of the claim is subject to review the disgorgement will not happen."  Rafizadeh asserts that the Court is limiting disgorgement to being able to occur only if there is a disallowance of the claim.

Initially, Rafizadeh has misquoted the Court.  The Court stated "unless the *amount* of the claim is subject to review the disgorgement will not happen."  The *amount* of the claim was settled by the Third Amended Settlement Agreement. The Court specifically referred to "the" disgorgement and not "a" disgorgement.  As evident in the Memorandum Opinion, "the" disgorgement refers to specific disgorgement based on past events and incorporated into determining the amount of the claim in the Third Amended Settlement Agreement.  The Settlement Agreement is final.  Unless the amount of the claim in the Settlement is subject to review, "the" disgorgement will not happen.

Signed at Houston, Texas, on February 2, 2007.

MARVIN ISGUR
United States Bankruptcy Judge